B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (For Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Boston CEI, LLC<br>15 Shire Drive<br>Norfolk, MA 02056 | **DEFENDANTS**<br>Vertec Corp.<br>180 Main Street<br>North Easton, MA |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>John M. McAuliffe 555109<br>McAuliffe & Associates, P.C.<br>430 Lexington Street<br>Auburndale, MA 02466<br>617-558-6889 Fax: 617-558-6882 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

Defendant owes Debtor money for work performed prepetition and refuses, despite demand to turnover funds.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ 1 ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ **233,100.56** |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Boston CEI, LLC ||| BANKRUPTCY CASE NO.<br>10-16502 |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Massachusetts || DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Feeney |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ John M. McAuliffe<br>John M. McAuliffe 555109 ||||
| DATE<br>November  9, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>John M. McAuliffe 555109 |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BOSTON CEI, LLC | ) | Chapter 11 |
| | ) | Case No. 10-16502 |
| Debtor | ) | |
| | ) | |
| BOSTON CEI, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. |
| | ) | |
| VERTEC CORP. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT BY CHAPTER 11 DEBTOR IN POSSESSION FOR
TURNOVER AND RECOVERY OF PROPERTY OF THE ESTATE**

NATURE OF ACTION

This action is an adversary proceeding to recover money or property under the United States Bankruptcy Code, 11 U.S.C.S. Section 101 et seq. (the "Bankruptcy Code") and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

By this Complaint, Boston CEI, LLC, the Debtor-in-Possession (the "Debtor"), seeks, pursuant to 11 U.S.C.S. §542, to recover sums held by the Defendant, which are in truth due and owing to the Debtor, now and at the time the Debtor commenced its case in the U.S. Bankruptcy Court.

JURISDICTION AND VENUE

1. Proceedings to turnover property are core proceedings, as defined in 28 U.S.C.S. §157(b)(2)(E).

1

2. This Court has jurisdiction over core proceedings pursuant to in 28 U.S.C.S. §157(b)(1).

3. Venue in this District is proper pursuant to in 28 U.S.C.S. §1409.

## THE PARTIES

4. The Plaintiff, Boston CEI, LLC (the "Debtor") is a Massachusetts limited liability corporation with a principal place of business at 15 Shire Drive, Norfolk, Norfolk County, Massachusetts.

5. The Defendant, Vertec Corp. (the "Defendant"), upon information and belief, is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located at 180 Main Street, North Easton, Massachusetts.

## FACTS

6. The Debtor filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on June 15, 2010.

7. The Debtor is engaged in the business of managing and operating a demolition, saw-cutting, selective concrete flatwork/formwork and excavation service.

8. The Debtor entered into an agreement with the Defendant whereby the Debtor would provide certain services for a project known as BJ's Medford, and the Defendant would compensate the Debtor for its services pursuant to invoices to be sent by the Debtor. The Debtor performed the services required of it under the agreement and duly sent two invoices (Invoice # 7330 3 and Invoice # 7380 4) to the Defendant in the respective amounts of $5,865.41 and $904.20, and with respective due dates of January 31, 2010 and March 31, 2010.

9. The Debtor also entered into an agreement with the Defendant whereby the Debtor would provide certain services for a project known as Centre Wise, and the Defendant would compensate the Debtor for its services pursuant to invoices to be sent by the Debtor. The Debtor performed the services required of it under the agreement and duly sent the following invoices to the Defendant:

| **Invoice #** | **Amount** | **Due Date** |
|---|---|---|
| 7147 1 | $909.10 | December 22, 2009 |
| 7207 2 | $2,727.20 | January 22, 2010 |
| 7262 3 | $4,545.30 | February 23, 2010 |
| 7383 4 | $9,668.80 | March 30, 2010 |
| 7399 5 | $14,034.15 | April 15, 2010 |
| 7612 6 | $7,821.00 | May 14, 2010 |

10. The Debtor also entered into an agreement with the Defendant whereby the Debtor would provide certain services for a project known as Franklin School, and the Defendant would compensate the Debtor for its services pursuant to invoices to be sent by the Debtor. The Debtor performed the services required of it under the agreement and duly sent an invoice (Invoice # 6969 1) to the Defendant in the amount of $3,181.40, with a due date of October 22, 2009.

11. The Debtor also entered into an agreement with the Defendant whereby the Debtor would provide certain services for a project known as Heritage Common, and the Defendant would compensate the Debtor for its services pursuant to invoices to be sent by the Debtor. The Debtor performed the services required of it under the agreement and duly sent the following invoices to the Defendant:

| **Invoice #** | **Amount** | **Due Date** |
|---|---|---|
| 7512 1 | $57,574.00 | May 13, 2010 |
| 7526 2 | $33,000.00 | May 20, 2010 |

3

| 7514 1 | $1,570.00 | April 16, 2010 |
| 7515 2 | $50,000.00 | May 13, 2010 |

12. The Debtor also entered into an agreement with the Defendant whereby the Debtor would provide certain services for a project known as Jamaica Plain, and the Defendant would compensate the Debtor for its services pursuant to invoices to be sent by the Debtor. The Debtor performed the services required of it under the agreement and duly sent an invoice (Invoice # 7516 1) to the Defendant in the amount of $41,300.00, with a due date of May 14, 2010.

13. To date, despite the Debtor's demands, the Defendant has not paid the Debtor for the services that the Debtor performed under the above agreements.

## COUNT I
## Breach of Contract

14. The Debtor repeats and incorporates herein the allegations in paragraphs 1 - 13 above.

15. Under the terms of the contracts between the Debtor and the Defendant, the Debtor agreed to provide services to the Defendant in exchange for monetary compensation.

16. The Debtor performed its obligations under the contracts and duly sent the Defendant invoices for such services in the total amount of $233,100.56.

17. To date, the Defendant has not paid the Debtor for its services.

## COUNT II

4

<u>Quantum Meruit</u>

18. The Debtor repeats and incorporates herein the allegations in paragraphs 1 - 17 above.

19. The Debtor performed all of its obligations under the agreements between the Debtor and the Defendant, and the Defendant received the benefit of the Debtor's services.

20. The Debtor anticipated and expected compensation for providing services to the Defendant.

21. The total value of the services rendered by the Debtor and billed to the Defendant is $233,100.56.

22. The Defendant refused and continues to refuse to compensate the Debtor for the services it provided.

COUNT III
<u>Failure to Turnover a Debt due
the Estate under 11 U.S.C.S. §542</u>

23. The Debtor repeats and incorporates herein the allegations in paragraphs through 1 - 22 above.

24. The debt from the Defendant to the Debtor constitutes property of the bankruptcy estate because it was due and owing on the date as of the date of the filing of the bankruptcy petition.

25. As an entity that owes a debt to the Debtor that constitutes property of the bankruptcy estate, the Defendant is required to pay such debt to the debtor in possession for the use and benefit of the estate.

WHEREFORE, the Debtor prays that this Court:

1. Enter judgment against the defendant for damages on all counts of this Complaint;

2. Enter an Order of Contempt for failure to comply with the statutory turnover requirements;

3. Award sanctions, attorney's costs and fees, and such other amounts as it deems just and reasonable; and

4. Grant such other and further relief as the Court deems just and appropriate.

          Respectfully submitted,
          The Debtor
          By its attorney,


          /s/ John M. McAuliffe
          John M. McAuliffe
          John M. McAuliffe & Assoc., P.C.
          430 Lexington Street
          Newton, MA 02466
          (617) 558-6889
          BBO# 555109
          mcauliffeassociates@hotmail.com

Dated: November 5, 2010